IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| DANNY VANOVEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 3:05CV00256 SWW |
| | * | |
| WESTERN RIVERS BOAT | * | |
| MANAGEMENT COMPANY, | * | |
| | * | |
| Defendant. | * | |

<u>ORDER</u>

Before the Court is defendant's motion for summary judgment regarding plaintiff's claims for maintenance and past wage losses. Plaintiff failed to timely respond to the motion.

Having considered defendant's motion as to plaintiff's claims for maintenance and past wages in accordance with the Settlement Agreement between the parties dated June 16, 2006 ("the Agreement"), the Court finds the motion should be granted. Plaintiff's claims for maintenance and past wage losses are dismissed with prejudice.

Also before the Court is defendant's motion in limine to which plaintiff failed to timely respond. Without objection by plaintiff, the Court grants the motion at this time, and hereby orders:

1. Consistent with paragraph 8 of the Agreement, Mr. Vanoven shall refrain from introducing any evidence at any court proceeding, including trial, concerning any wrongdoing on the part of Western Rivers (or any of its agents, employees, representatives, investigators, officers, attorneys, insurers or similarly situated persons hereinafter collectively referred to as "Western Rivers") including, but not limited to, any evidence that concerns wrongdoing on the part of Western Rivers, paints Western Rivers in a "bad light," or criticizes Western Rivers in any respect

whatsoever. However, Mr. Vanoven is free to offer proof of negligence or unseaworthiness that is necessary to establish a *prima facie* claim for negligence or unseaworthiness against Western Rivers concerning the injury that Mr. Vanoven alleges he suffered that is the basis for the lawsuit.

2. Consistent with paragraph 9 of the Agreement, at trial of this matter, the jury will not be instructed, nor will the Court consider, the issue of past wage losses or maintenance, as those claims have been finally and completely settled. However, the jury may be instructed upon, and the Court may consider, the issue of Mr. Vanoven's failure to mitigate his damages because of his failure to find and obtain appropriate employment consistent with any restrictions placed upon him by his physicians upon being released to return to work by his physicians.

3. Consistent with paragraph 10 of the Agreement, if Mr. Vanoven receives a monetary judgment against Western Rivers on any basis (including, but not limited to, mental and physical pain and suffering, future medical care, loss of wage earning capacity, loss of enjoyment of life or disfigurement) and the judgment includes a finding that Mr. Vanoven is either comparably at fault or totally at fault for causing the injury, then, with respect to any payments that Western Rivers has made to Mr. Vanoven pursuant to this Order, Western Rivers shall be entitled to a credit against any monetary judgment that Mr. Vanoven receives against Western Rivers by the amount that Western Rivers has paid Mr. Vanoven pursuant to this Order multiplied by the percentage of fault attributable to Mr. Vanoven (if Mr. Vanoven is found to be comparatively at fault) or by the total amount that Western Rivers has paid to Mr. Vanoven pursuant to this Order (if Mr. Vanoven is found to be totally at fault).

4. Consistent with paragraph 11 of the Agreement, upon Mr. Vanoven being released to return to work in some capacity by his treating physicians, he shall use his best efforts and in

good faith endeavor to find appropriate employment. Western Rivers shall have the right at trial to contend that Mr. Vanoven has failed to mitigate his damages pertaining to his wage losses to the extent that Mr. Vanoven, upon being released to return to work, fails to seek, find or accept appropriate employment that he is otherwise qualified to perform within his then existing work restrictions and receive a credit from any judgment that may be awarded Mr. Vanoven in this litigation to the extent that a jury determines that Mr. Vanoven has failed to mitigate his damages.

5. Consistent with paragraph 12 of the Agreement, to the extent that Mr. Vanoven has in the past, or will in the future, receive income from employment of any kind whatsoever, then he shall disclose that to Western Rivers and Western Rivers shall be entitled to credit for the amount of that income (net either positive or negative of taxes or tax credits that Mr. Vanoven actually incurs or receives) against any judgment that Mr. Vanoven shall receive at trial.

6. Consistent with paragraph 13 of the Agreement, the Agreement itself shall not be admissible as proof of damages for future wage losses or loss of future wage earning capacity or for any other purpose other than to enforce the Settlement Agreement.

The Court reserves the right to revisit the motion in limine should circumstances associated with the trial of this matter so warrant.

IT IS THEREFORE ORDERED that the motion for partial summary judgment and the motion in limine [docket entry 54] be granted.

DATED this 19th day of March 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE